**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| In re: | : | Chapter No. 11 |
| SOLSTICE, LLC, et al.,[1] | : | Case No. 09-11010 |
| Debtors. | : | Jointly Administered |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| U.S. Bank, solely in its capacity as the Liquidating Trust Administrator for the Liquidating Trust of Solstice, LLC, | : | |
| | : | |
| Plaintiff, | : | Adv. No. |
| vs. | : | |
| Soulstice ASB, LLC and Brian D. Kosoy, | : | |
| Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT OF THE THE LIQUIDATING TRUST ADMINISTRATOR**
**OF LIQUIDATING TRUST OF SOLSTICE, LLC TO TO AVOID AND**
**RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 548, 550 AND 551**

U.S. Bank, solely in its capacity as the Liquidating Trust Administrator for the

Liquidating Trust of Solstice, LLC (the "LTA"), by its undersigned counsel, for its Complaint

alleges on knowledge as to itself and on information and belief as to all other matters as follows:

---

[1] The Debtors in these proceedings are:  Solstice, LLC; Solstice Ownership I, LLC; Solstice Ownership II, LLC; Solstice Ownership III, LLC; Solstice Ownership VI, LLC; Solstice Ownership V, LLC; Solstice Ownership VI, LLC; Solstice Ownership VII, LLC; Solstice Management, LLC; Sea Vision I, LLC; Parallel I LLC; Parallel Aspen, LLC; Parallel Management LLC; 163 Charles Street No. 4 New York, LLC; and 163 Charles Street No. 5 New York, LLC.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) in that this proceeding arises under and relates to a case under the Bankruptcy Code that is pending in this District.

4.      This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.  By this adversary proceeding, the LTA seeks to avoid and recover, pursuant to Sections 548, 550 and 551 of the Bankruptcy Code, certain fraudulent transfers that Solstice Management, LLC ("Management") made to Defendants.

## PARTIES

5.      Plaintiff is the LTA of the Liquidating Trust of Solstice, LLC ("Solstice").

6.      Upon information and belief, Defendant Soulstice ASB, LLC ("Soulstice") is a Florida limited liability company whose principal place of business is located in Florida.

7.      Upon information and belief, Defendant Brian D. Kosoy ("Kosoy") is an individual who currently resides in Florida.  Upon information and belief, Defendant Kosoy is the manager of Soulstice ASB, LLC.

## FACTS

8.      Solstice, Management, and certain direct or indirect subsidiaries previously owned and operated a destination club business.  They owned or leased luxury destination homes

in various locations in the United States, Latin America and Europe. Solstice was the holding company and Management was the management company.

9.     On or about October 7, 2005, Soulstice entered into a Membership Interest Purchase Agreement (the "MIPA") pursuant to which Soulstice acquired a membership interest consisting of Class C interests in Solstice in exchange for a capital contribution of $415,000.

10.     On March 20, 2008, Kosoy sent an email to Solstice, to the attention of Michel Ducamp, the former Chief Operating Officer informing Solstice that Kosoy wished to rescind his membership in Solstice.

11.     Solstice responded to Soulstice's letter by letter dated March 28, 2008 from Ronald B. Stone, the Acting Chief Financial Officer, acknowledging receipt of Kosoy's email and clarifying the terms and amount of the redemption. As set forth in that letter to Kosoy and Soulstice, Solstice calculated the amount due to Soulstice as of March 28, 2008 to be $455,612.15.

12.     On May 31, 2008, Kosoy, on behalf of Soulstice, sent Solstice a letter formally exercising the put option under section 1.7 of the MIPA. Soulstice notified Solstice that it had calculated the payment amount would be approximately $475,000 and that the payment should be made within 15 days of the date of the letter in accordance with instructions that would be subsequently provided by Soulstice.

13.     On June 20, 2008, Management transferred $250,000 to an account owned by either Soulstice or Kosoy as a partial payment of the redemption price owed to Soulstice.

14.     On July 14, 2008, Management transferred $200,000 to an account owned by either Soulstice or Kosoy as a partial payment of the redemption price owed to Soulstice.

15.     On June 20, 2008, Management transferred $26,993.80 to an account owned by either Soulstice or Kosoy as the final payment of the redemption price owed to Soulstice. Together the foregoing transfers are referred to herein as the "Transfers."

16.     Solstice, Management and certain direct or indirect subsidiaries each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on March 5, 2009 (the "Petition Date").

17.     On June 23, 2010, this Court entered a Revised Order Confirming the Debtors' First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, which among other things, approved the transfer of all of remaining assets of each of the Debtors, including without limitation, causes of action arising under chapter 5 of the Bankruptcy Code, to the liquidating trust.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfer (Initial Transferee) 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551**

18.     The LTA realleges and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein as though fully set forth herein.

19.     Each of the Transfers constituted a transfer of an interest of Management or Solstice in property within the meaning of sections 101(54) and 548(a) of the Bankruptcy Code.

20.     The Transfers were made on or within two years before the Petition Date.

21.     Solstice and Management were either insolvent at the time the Transfers were made or became insolvent as a result of the Transfers.

22.     Solstice and Management were either engaged in business or about to engage in business for which their remaining property was unreasonably small capital as a result of the Transfers.

23.     Solstice and Management intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due as a result of the Transfers.

24.     Management and Solstice received less than reasonably equivalent value in exchange for the Transfers.

25.     Each of the Transfers constitutes a fraudulent transfer avoidable by the LTA pursuant to section 548(a)(1)(B) of the Bankruptcy Code and recoverable from Soulstice and/or Kosoy pursuant to section 550(a) of the Bankruptcy Code

26.     Each of the foregoing transfers was made was directly or indirectly to, or for the benefit of, Soulstice and/or Kosoy.

27.     Either Soulstice or Kosoy was an immediate transferee of some or all of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

28.     Because of the foregoing, the LTA is entitled to a judgment pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
**(Fraudulent Transfer (Subsequent Transferee) 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551**

29.     The LTA realleges and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein as though fully set forth herein.

30.     Each of the Transfers constituted a transfer of an interest of Management or Solstice in property within the meaning of sections 101(54) and 548(a) of the Bankruptcy Code.

31.     The Transfers were made on or within two years before the Petition Date.

32.     Solstice and Management were either insolvent at the time the Transfers were made or became insolvent as a result of the Transfers.

33.     Solstice and Management were either engaged in business or about to engage in business for which their remaining property was unreasonably small capital as a result of the Transfers.

34.     Solstice and Management intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due as a result of the Transfers.

35.     Management and Solstice received less than reasonably equivalent value in exchange for the Transfers.

36.     Each of the Transfers constitutes a fraudulent transfer avoidable by the LTA pursuant to section 548(a)(1)(B) of the Bankruptcy Code and recoverable from Soulstice and/or Kosoy pursuant to section 550(a) of the Bankruptcy Code

37.     Each of the foregoing transfers was made was directly or indirectly to, or for the benefit of, Soulstice and/or Kosoy.

38.     Either Soulstice or Kosoy was a mediate transferee of some or all of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

39.     As a result of the foregoing, the LTA is entitled to a judgment pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code.

**WHEREFORE**, the LTA respectfully requests that this Court enter judgment against the Defendants, as follows:

(a)     Pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code recovering the Transfers, or the value thereof, from Soulstice and Kosoy, as either an immediate or mediate transferee, for the benefit of the estate;

(b)     Awarding the LTA all applicable attorneys' fees, interest, costs, and

disbursements of this action; and

(c)     Granting the LTA such other, further and different relief as the Court

deems just, proper and equitable.

Dated: New York, New York
      March 4, 2011                    PERKINS COIE LLP

                                Attorneys for U.S. Bank, solely in its capacity
                                as the Liquidating Trust Administrator for the
                                Liquidating Trust of Solstice, LLC

                                By: /s/  Schuyler G. Carroll
                                    Schuyler G. Carroll
                                    Jeanette L. Thomas
                                    PERKINS COIE LLP
                                    30 Rockefeller Plaza, 25th Floor
                                    New York, NY 10112
                                    Telephone:  212-262-6905
                                    Facsimile:  212-977-1636