| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | **PRO HAC VICE PENDING** |
| ------------------------------------------------------X | | |
| In re: | : | Chapter No. 11 |
| SOLSTICE, LLC, et al.,[1] | : | Case No. 09-11010 |
|     Debtors. | : | Jointly Administered |
| ------------------------------------------------------X | | |
| U.S. Bank, solely in its capacity as the Liquidating Trust Administrator for the Liquidating Trust of Solstice, LLC, | :<br><br>: | |
|     Plaintiff, | : | Adv. No. 11-01618 |
| vs. | : | |
| Soulstice ASB, LLC and Brian D. Kosoy, | : | |
|     Defendants. | : | |
| ------------------------------------------------------X | | |

## DEFENDANTS' MOTION TO DISMISS, OR IN THE
## ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Defendants, Soulstice ASB, LLC ("**Soulstice**") and Brian D. Kosoy ("**Mr. Kosoy**", together with Soulstice, the "**Defendants**"), by and through their undersigned attorneys, hereby file this *Motion to Dismiss, or in the Alternative, Motion for More Definite Statement*, and in support thereof, respectfully states as follows:

---

[1] The debtors in these proceedings are: Solstice, LLC; Solstice Ownership, LLC; Solstice Ownership II, LLC; Solstice Ownership III, LLC; Solstice Ownership VI, LLC; Solstice Ownership V, LLC; Solstice Ownership VI, LLC; Solstice Ownership VII, LLC; Solstice Management, LLC; Sea Vision I, LLC; Parallel I LLC; Parallel Aspen, LLC; Parallel Management LLC; 163 Charles Street No. 4 New York, LLC; and 163 Charles Street No. 5 New York, LLC (the "**Debtor(s)**").

## PRELIMINARY STATEMENT

U.S. Bank, solely in its capacity as the Liquidating Trust Administrator for the Liquidating Trust of Solstice, LLC's (the "**Plaintiff**") complaint sets forth alleged fraudulent transfer claims against either of the Defendants, and fails to satisfy the applicable minimum pleading standards as set forth in Rule 8(a) of the Federal Rules of Civil Procedure, incorporated by Rule 7008 of the Federal Rules of Bankruptcy Procedure. Accordingly, the Complaint should either be dismissed or, alternatively, the Plaintiff should be required to provide a more definite statement.

## BACKGROUND

1. On or about March 5, 2009 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On March 4, 2011, the Plaintiff filed a complaint (the "**Complaint**") against the Defendants, which collectively seeks to avoid and recover at least $476,993.80 in alleged fraudulent transfers (the "**Alleged Transfer(s)**") to an account owned by either Soulstice **or** Mr. Kosoy.

3. In short, Plaintiff fails to provide a short and plain statement of the Plaintiff's claims indicating why the Plaintiff is entitled to relief against <u>each</u> Defendant. The Plaintiff has failed to properly identify which Defendant allegedly received which portion, if any, of the alleged fraudulent transfers it seeks to avoid and recover.

## ARGUMENT

**A. Plaintiff's Complaint Should Be Dismissed for Failure to Provide the Defendants with Fair Notice of the Basis of the Plaintiff's Claims.**

4. The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted since the Defendants have not been given fair notice of what claims the Plaintiff has against which Defendant and in what amounts.

5. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a defendant to a complaint may move to

dismiss for failure to state a claim upon which relief can be granted if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Fed. R. Bankr. P. 7012; *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). In appraising the sufficiency of the complaint, the court must take the well-pleaded allegations of the complaint as true and construe the complaint and all reasonable inferences most favorably to the plaintiff. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

6. In order to state a constructive fraudulent transfer claim, the plaintiff need only satisfy the requirements of F.R.C.P. 8(a). *Drenis v. Haligiannis*, 452 F. Supp. 2d 418, 428 (S.D.N.Y. 2006). F.R.C.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Bankr. P. 7008. The statement must provide "the defendant with fair notice of what the . . . claim is and the grounds upon which it rests." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721 (Bankr. S.D.N.Y. 2008).

7. A plaintiff's F.R.C.P. 8 obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of actions will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). At a minimum, the facts in a complaint must be stated specifically enough to give the defendant fair notice of what the plaintiff's claims are and the grounds upon which it rests. *Fabrikant & Sons,* 394 B.R. at 721. In *Fabrikant*, the complaint was sufficient since the important specifics were provided, namely, the "who, when and how much." *Id.*

8. In the instant case, the Plaintiff's Complaint lumps together $476,993.80 in alleged transfers under the defined term "Transfers" to an account owned by either Soulstice <u>or</u> Mr. Kosoy. *See* paragraph 15 of the Complaint. The Plaintiff fails to identify which Alleged Transfer went to which Defendant.

9. The Complaint fails to even identify which Debtor had an interest in the Alleged Transfer(s). For example, paragraph 19 of the Complaint provides that "the Transfers constituted a transfer of interest of Solstice Management, LLC or Solstice, LLC in property . . . ."

10. Therefore, even if one takes all of the allegations in the Complaint as true, it is impossible to determine what transpired between which Defendant(s) and which Debtor(s). It is equally impossible to determine what or which transfers the Plaintiff seeks to recover from which Defendant since all of the Defendants and all of the Alleged Transfers are grouped together in Count I and Count II.

11. The Plaintiff's allegations of constructive fraudulent transfers in Counts I and II are simply a regurgitation of Bankruptcy Code section 548(a)(1)(B). Instead of stating which Alleged Transfer went to which Defendant from which Debtor, Plaintiff provides a blanket statement that it is entitled to relief from either of the Defendants for the Alleged Transfers, leaving each Defendant to guess at which, if any, Alleged Transfer(s) the Plaintiff seeks to avoid.

12. Accordingly, the Complaint should be dismissed since the allegations contained therein do not provide the Defendants with fair notice of which claims, if any, are against them and in what amounts. *See, e.g.*, *Gonzalez v. Asset Acceptance, LLC*, 308 Fed. Appx. 429 (11th Cir. 2009).

B. **Alternatively, the Plaintiff Should Be Required to Provide a More Definite Statement**

13. In the alternative to the relief requested above, the Defendants request that this Court require the Plaintiff to provide a more definite statement pursuant to F.R.C.P. 12(e). *See Sada v. City of Altamonte Springs*, 2008 WL 5110799 (M.D. Fla. 2008) (stating that a motion for more definite statement may sometimes be more proper than a motion to dismiss with leave to amend); *see also Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372 (S.D.N.Y. 2010).

14. The fact that the allegations contained in the Complaint combine the Defendants, the Transfers and the Debtors collectively are insufficient to put the Defendants on notice of what is being claimed against them and thus they cannot formulate a meaningful response to these allegations.

**WHEREFORE**, the Defendants respectfully request that this Court enter an order to dismiss Plaintiff's Complaint, or alternatively, the Plaintiff should be required to provide a more definite statement; and for such other relief as this Court deems just and proper.

**Respectfully submitted,**
SHRAIBERG, FERRARA & LANDAU, P.A.
Attorneys for the Defendants
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800  Facsimile: 561-998-0047
Email: bshraiberg@sfl-pa.com

By:    /s/ Bradley S. Shraiberg_____
        Bradley S. Shraiberg
        Florida Bar. No. 121622


## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By:/s/ Bradley S. Shraiberg_____
    Bradley S. Shraiberg

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on this the 19th day of May, 2011, to all persons on the attached Service List.

By:/s/ Bradley S. Shraiberg
Bradley S. Shraiberg

**SERVICE LIST**

**Via CM/ECF:**

**Arthur Jay Steinberg**
**Attorneys for Debtor**
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
Fax : (212) 556-2222
Email: asteinberg@kslaw.com

**Heath D. Rosenblat**
King & Spalding
1185 Avenue of the Americas
New York, NY 10036
212-556-2100
Fax : 212-556-2222
Email: hrosenblat@kslaw.com